UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| JULIAN JAMES, | ) CASE NO. 09-10556-SDB |
| | ) |
| Debtor. | ) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - - - - - |
| CITIMORTGAGE, INC. SBM ABN AMRO MORTGAGE, GROUP, INC., | ) ) ) |
| Movant, | ) |
| | ) **CONTESTED MATTER** |
| vs. | ) |
| JULIAN JAMES, Debtor, | ) |
| EDWARD J. COLEMAN, III, Trustee, | ) |
| | ) |
| Respondents. | ) |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now CitiMortgage, Inc. sbm ABN AMRO Mortgage, Group, Inc., its successors or assigns, a secured creditor of the above-named Debtor, and respectfully shows the Court as follows:

1.

Julian James, hereinafter known as Respondent, filed a Petition for Relief under 11 U.S.C. Chapter 7 on March 2, 2009, and is therefore subject to the jurisdiction of this Court.

2.

This Court has jurisdiction over this Motion pursuant to 11U.S.C. §362.

3.

CitiMortgage, Inc. sbm ABN AMRO Mortgage, Group, Inc., its successors or assigns, hereinafter referred to as Movant, is a secured creditor of Julian James pursuant to a first mortgage Note and Deed to Secure Debt. The first mortgage is evidenced by a Promissory Note, dated July 27, 2007, in the original principal amount of $248,000.00. The first mortgage Promissory Note is secured by a Deed to Secure Debt executed by Julian James and Magalene James, dated July 27, 2007 which conveys certain

*M&C File No.09-02744*

property now or formerly known as 102 Greentop Way, Athens, Clarke County, Georgia, a true and correct copy of relevant portions of the security deed is attached hereto and incorporated herein by reference as Exhibit "A". Said Deed to Secure Debt is recorded in Deed Book 3367, page 517, Clarke County, Georgia Records.

4.

Movant affirmatively alleges that Respondent has failed to maintain the monthly mortgage payments to Movant and is due for the October 2008 through April 2009 payments. As of the date of the filing of this motion, there is a total deficiency of approximately $15,541.76. The above-mentioned Note and Deed are in default due to non-payment of the principal and accruing interest. The approximate loan payoff is $245,431.18.

5.

Movant further alleges that there appears to be no equity in Movant's secured property and that such property is not necessary for an effective reorganization of the Respondent's affairs. Since the Respondent has not made a direct payment to Movant in approximately seven months, Movant's security interest in said property is not adequately protected.

6.

Pursuant to 11 U.S.C. §362, Movant is entitled to a termination of the Automatic Stay with respect to its secured property, for cause, since the lack of adequate protection exists.

WHEREFORE MOVANT PRAYS:

(a) That the Automatic Stay entered by this Honorable Court pursuant to 11 U.S.C. §362 be modified so as to permit the Movant to exercise its right to foreclose its secured property under the terms of its Note and Deed to Secure Debt and to send notices as required by state law; or, in the alternative, Movant at its option be permitted to contact the Debtor via telephone or written correspondence to offer, provide or enter into any potential forbearance agreement, loan modification, refinance agreement or other loan

workout or loss mitigation agreement including a deed in lieu as allowed by state law.

(b) That the Movant's secured property be abandoned as property of the estate;

(c) That the court waive the 10-Day Stay of Bankruptcy Rule 4001(a)(3); and

(d) For such other and further relief as this Court deems just and proper.

                        McCURDY & CANDLER, L.L.C.

                        BY: /s/ Sidney Gelernter
                        Sidney Gelernter
                        Attorney for Movant
                        GA. State Bar No. 289145

250 East Ponce De Leon Avenue, Suite 600
Decatur, GA 30030
(404) 373-1612

Deed        Doc: SD
Recorded 08/03/2007 08:37AM
Georgia Intangible Tax Paid: $744.00
Beverly Logan
Clerk Superior Court, Athens-Clarke County, Ga.
Bk 03367    Pg 0517-0530

When recorded mail to:
ABN AMRO MORTGAGE GROUP, INC.
1201 EAST LINCOLN
MADISON HEIGHTS, MICHIGAN 48071-4171
ATTN:FINAL/TRAILING DOCUMENTS

Return To:
LITTLE & DIXIT, LLP
11680 GREAT OAKS WAY
SUITE 100
ALPHARETTA, GA 30022

LOAN #: 656787433

———————————— [Space Above This Line For Recording Data] ————————————

## SECURITY DEED

**DEFINITIONS**
Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.
(A) "**Security Instrument**" means this document, which is dated **JULY 27, 2007**, together with all Riders to this document.
(B) "**Borrower**" is **MAGALENE JAMES, AND JULIAN JAMES,**.

Borrower is the grantor under this Security Instrument.
(C) "**Lender**" is  **ABN AMRO MORTGAGE GROUP, INC.**

Lender is a **CORPORATION** organized and existing under the laws of **DELAWARE**. Lender's address is  **2600 W. BIG BEAVER RD., TROY, MICHIGAN 48084.**

Lender is the grantee under this Security Instrument.
(D) "**Note**" means the promissory note signed by Borrower and dated **JULY 27, 2007.**  The Note states that Borrower owes Lender ******************TWO HUNDRED FORTY EIGHT THOUSAND AND NO/100 ********************************************************** Dollars (U.S. $248,000.00   )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **AUGUST 1, 2037.**
(E) "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[ ] Adjustable Rate Rider        [ ] Condominium Rider            [x] Second Home Rider
[ ] Balloon Rider                [x] Planned Unit Development Rider [ ] Other(s) [specify]
[ ] 1-4 Family Rider             [ ] Biweekly Payment Rider
[ ] V.A Rider

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3011 1/01    Initials: _____
© 1999-2006 Online Documents, Inc.        Page 1 of 9                          GADEED  0612
                                                                               07-27-2007  12:53

Bk 03367 Pg 0518
LOAN #: 656787433

(H) "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(J) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "**Escrow Items**" means those items that are described in Section 3.
(L) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(M) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(N) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(O) "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
(P) "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the   COUNTY   [Type of Recording Jurisdiction] of
CLARKE   [Name of Recording Jurisdiction]:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

which currently has the address of 102 GREENTOP WAY, ATHENS,
[Street] [City]
Georgia   30605   ("Property Address"):
[Zip Code]

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3011 1/01   Initials:
© 1999-2006 Online Documents, Inc.   Page 2 of 9   GAREED 0612
07-27-2007 12:53

Bk 03367 Pg 0525
LOAN #: 656787433

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

Signed, sealed and delivered in the presence of:

_____ (Seal)    _____ (Seal)
MAGALENE JAMES                       JULIAN JAMES

_____
Unofficial Witness

_____
Notary Public, County

[Notary Seal: LESLIE D. MOULSE, MY COMMISSION EXPIRES APRIL 2 2010, FORSYTH COUNTY, GA, NOTARY PUBLIC]

EXHIBIT "A"
Legal Description

All that tract or parcel of land, together with all improvements thereon, situate, lying and being in the 218th District, G.M. Athens Clarke County, Georgia, and being known and designated as Lot 1, Block A, Phase 1 of Falling Shoals Subdivision, as more particularly shown on a survey entitled Survey for P.D.C.M. Associates, S.E., dated December 12, 2001, and prepared by Carroll Surveying, LLC, Registered Land Surveyors, and recorded in Plat Book F, Page 357B, in the Office of the Clerk of Superior Court of Athens-Clarke County, Georgia Records, to which plat reference is made for a more detailed description.